IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TODD DELLAHOY,  )
      Plaintiff,  )    C.A. No. 24-242 Erie
        )
  v.  )    District Judge Susan Paradise Baxter
        )    Chief Magistrate Judge Richard Lanzillo
MIKE HOLMAN, et al.,  )
      Defendants.  )

## MEMORANDUM ORDER

Plaintiff Todd Dellahoy, an inmate incarcerated at the Erie County Prison in Erie, Pennsylvania ("ECP"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Defendants ECP and Warden Mike Holman ("Holman") (collectively, "County Defendants"), as well as Armour Health and Nurse Sarrazola (collectively, "Medical Defendants").[1] The action was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

In his complaint, Plaintiff generally alleges a constitutional claim arising from injuries he sustained when he fell from the upper bunkbed in his cell on or about June 12, 2024, months after Defendant Sarrazola revoked his bottom bunk status and Defendant Holman refused to reinstate it. The County Defendants filed a motion to dismiss or alternative motion for summary judgment [ECF No. 16], arguing that Plaintiff has failed to state a claim against either Defendant Holman or ECP and/or has failed to exhaust his administrative remedies. Plaintiff filed a

---

[1] It appears from the docket that the Medical Defendants have not yet been served and no appearance has been entered on their behalf.

response to the County Defendants' motion [ECF No. 25], as well as a responsive concise statement of material facts [ECF No. 30].

On October 27, 2025, Chief Magistrate Judge Lanzillo issued a report and recommendation ("R&R") recommending that (1) the County Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies be denied, without prejudice, and (2) the motion to dismiss be granted, such that Plaintiff's claims against Defendant ECP be dismissed with prejudice, and his claims against Defendant Holman be dismissed, without prejudice and with leave to amend. [ECF No. 38]. In particular, Judge Lanzillo found that there remain genuine issues of fact regarding Plaintiff's exhaustion of his administrative remedies, but that the County Defendants may reassert their argument later in the proceedings upon a more fully developed record. In addition, Judge Lanzillo concluded that Plaintiff has failed to state a claim against Defendant ECP because ECP is not a person within the meaning of 42 U.S.C. § 1983, and that Plaintiff's allegations fall short of establishing Defendant Holman's personal involvement in the alleged violation of Plaintiff's constitutional rights; however, the R&R recommends that Plaintiff be given the right to file an amendment to cure the deficiencies of his claim against Defendant Holman, if possible.

Plaintiff has filed a "notice of appeal" from the R&R, which the Court construes as an objection; however, the objection merely comprises a single paragraph requesting the right to "fix the defects by amendment of the first complaint," without challenging any of the R&R's findings.

Thus, after *de novo* review of all relevant documents and pleadings in this case, together with the report and recommendation and the "objection" thereto, the following order is entered:

AND NOW, this 22nd day of January, 2026,

IT IS HEREBY ORDERED that the County Defendants' motion to dismiss or alternative motion for summary judgment [ECF No. 16] is GRANTED in part and DENIED in part as follows:

1. The motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies is DENIED, without prejudice to Defendants' right to reassert the argument upon a more fully developed record;

2. The motion to dismiss is GRANTED, such that Plaintiff's claims against Defendant ECP are DISMISSED, with prejudice, and Plaintiff's claims against Defendant Holman are DISMISSED, without prejudice to Plaintiff's right to file an amended complaint to correct the deficiencies of such claim within twenty (20) days of the date of this Order. In the event Plaintiff fails to file an appropriate amended complaint within such time, the Court's dismissal Plaintiff's claims against Defendant Holman will be converted to a dismissal with prejudice without further notice.

The report and recommendation of Chief Magistrate Judge Lanzillo, issued October 27, 2025 [ECF No. 38], is adopted as the opinion of the court.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
Chief U.S. Magistrate Judge